UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AUSTIN CHAPMAN, individually and on behalf of all other persons similarly situated,<br>　　　　　　Plaintiff,<br>　v.<br><br>THE PRICELINE GROUP, INC.,<br>　　　　　　Defendant. | CIVIL ACTION NO. 3:15-cv-01519 RNC<br><br><br><br><br><br>February 8, 2016 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
CONNECTICUT UNFAIR TRADE PRACTICES ACT CLASS ALLEGATIONS**

**I.     INTRODUCTION**

Plaintiff Austin Chapman, a Texas resident, filed this putative nationwide class action lawsuit against Defendant The Priceline Group, Inc.[1] on behalf of himself and a class of "[a]ll natural persons in the United States of America who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, purchased a ticket for a flight on Spirit Airlines, Inc. through Priceline." Am. Compl. ("AC") ¶ 14 (ECF#11). Chapman asserts five causes of action, including one for violation of the Connecticut Unfair Trade Practices Act ("CUTPA").  In the CUTPA count, Chapman seeks to represent the nationwide class identified above. AC ¶¶ 51-58.  But CUTPA expressly limits class claims to persons "who are residents of

---

[1] Defendant The Priceline Group Inc. was formerly known as priceline.com Incorporated and changed its name as of April 1, 2014.  On April 1, 2014, priceline.com LLC, an entity formed in 2014, assumed the former operations of priceline.com Incorporated as they relate to the airline reservation service at issue in this litigation. Since Mr. Chapman made his first booking on April 14, 2014, he has named the wrong defendant because his claims are against priceline.com LLC.   For the purposes of this brief, "Priceline" will be used to refer to priceline.com LLC, the corporate entity that facilitated online travel bookings made on the priceline.com website and certain affiliated websites during the relevant period. "priceline.com" will be used to refer to the actual priceline.com website.

1

this state or injured in this state." Conn. Gen. Stat. § 42-110g(b). As courts in this District have uniformly held, Chapman cannot assert CUTPA claims on behalf of the nationwide class he seeks to represent. *E.g.*, *Fraiser v. Stanley Black & Decker, Inc.*, 109 F. Supp. 3d 498 (D. Conn. 2015) (striking CUTPA class claims asserted by non-resident plaintiff); *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82, 115 (D. Conn. 2014)(same). The Court must therefore strike the nationwide class allegations from the CUTPA count (Count 1).

## FACTUAL BACKGROUND

Chapman is a resident of Texas. AC ¶ 11. As detailed in Defendant's Memorandum in Support of Motion to Dismiss, Chapman alleges that he purchased Spirit Airlines tickets online "through Priceline.com" and was injured because he allegedly paid more than he could have paid had he bought the tickets from Spirt Airlines directly. *Id*. ¶¶ 42-47.

## II. ARGUMENT

### A. Legal Standard

The Court should strike Chapman's CUTPA class action allegations and his request for class certification under CUTPA with prejudice pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D). "A court may grant a motion to strike and order deletion of portions of a complaint's class claims where ... it is clear that plaintiffs cannot possibly prove the deleted portions of those claims." *Rogers v. Capital One Servs., LLC,* No. 10–CV–398 (VLB), 2011 WL 873312, at *7 (D. Conn. Feb. 19, 2011), *aff'd,* 447 Fed. Appx. 246 (2d Cir.2011) (quoting *Rahman v. Smith & Wollensky Rest. Grp.,* No. 06 Civ. 6198 (LAK) (JCF), 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008)); *see also In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82, 113 (D. Conn. 2014) (quoting same). "If, as a matter of law, a class cannot be certified . . . , it would be a waste of the parties' resources and judicial resources to conduct discovery on class

certification." *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 655 (D. Nev. 2009) (quoting *In re Walls*, 262 B.R. 519, 523 (Bankr. E.D. Cal. 2001)); *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (affirming district court's granting of motion to strike class claims); *DeBose v. Fedex Corp.*, No. 08-CIV.-7042 (AKH), 2009 WL 1542572, at *2 (S.D.N.Y. June 2, 2009) (striking class allegations where plaintiff could not succeed on them as a matter of law); *Evancho v. Sanofi-Aventis U.S. Inc.*, No. 07-2266, 2007 WL 4545100, at *5 (D.N.J. Dec. 19, 2007) (striking class allegations relating to untenable state law claims); *see also Frasier v. Black & Decker, Inc.*, 109 F. Supp. 3d 498 (D. Conn. 2015) (striking CUTPA class allegations for lack of statutory standing).

The question of whether CUTPA authorizes a nationwide class claim is a matter of law that is appropriately decided on a motion to strike. Because plaintiff "cannot possibly proceed" with his CUTPA class claim, it should be stricken now. As the Court explained in *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d at 113 (D. Conn. 2014), "[t]his alleged bar to the class proceeding [in CUTPA] ... is a statutory restriction unrelated to the issues to be addressed at the class certification stage.... Furthermore, the availability for a foreign named plaintiff to represent a class under CUTPA is a matter of law and can be determined on the facts of the Complaint. Therefore, this Court need not wait until a motion for class certification to strike class allegations on this basis." *See also Frasier v. Black & Decker, Inc.*, 109 F. Supp. 3d 498 (D. Conn. 2015) (striking CUTPA class allegations before class certification stage).

      **B.   CUTPA Does Not Permit the Nationwide Class Claim that Chapman Alleges.**

As a matter of law, Chapman cannot represent the nationwide class alleged in his CUTPA claim. AC ¶ 14 (alleging class of "all natural persons in the United States..."). CUTPA provides that "[p]ersons entitled to bring an action under subsection (a) of this section may . . .

3

bring a class action on behalf of themselves and other persons similarly situated ***who are residents of this state or injured in this state*** to recover damages." Conn. Gen. Stat. § 42-110g(b) (emphasis added). As this Court has held, CUTPA's plain language "clearly and unambiguously does not permit a class action to be brought on behalf of non-residents or on behalf of those not injured in Connecticut." *In re Trilegiant Corp, Inc.*, 11 F. Supp. 3d at 115. "The language expresses the deliberate legislative intent that such suits not be permitted, as reflected in [CUTPA's] legislative history." *Id.*

Every other court to consider the issue has reached the same conclusion. *See Fraiser*, 109 F. Supp. 3d 498 (following the "well-reasoned analysis of" *In re Trilegiant*); *Metro. Enters. Corp. v. United Tech. Int'l Corp.*, No. 3:03-cv-1685 (JBA), 2004 U.S. Dist. LEXIS 12274, at *13 (D. Conn. June 28, 2004) (holding a foreign person "may not bring a class action because such plaintiff could not be representative of class members with the statutorily required in-state residency or injury characteristics"); *King's Choice Neckwear, Inc. v. Pitney Bowes, Inc.*, No. 09-Civ. 3980, 2009 U.S. Dist. LEXIS 119934, at *7-8 n.4 (S.D.N.Y. Dec. 23, 2009) ("[A] plaintiff who is not a resident of Connecticut and not injured in Connecticut cannot bring a class action, because it cannot be 'similarly situated' to other class members who are residents of Connecticut or were injured in Connecticut."), *aff'd*, 396 Fed. Appx. 736 (2d Cir. 2010); *see also Macomber v. Travelers Prop. & Cas. Corp.*, 277 Conn. 617, 624, 894 A.2d 240, 248 n.8 (2006) (observing that the language of Conn. Gen. Stat. § 42-110g(b) may "bar[] a national class action for CUTPA violations").

Chapman is a Texas domiciliary who was injured (if at all) in Texas, where he purchased the Spirit Airlines tickets on his computer and allegedly suffered economic injury. *See* AC ¶¶ 42-47; *Patch v. Stanley Works*, 448 F.2d 483, 491 (2d Cir. 1971) (holding that under Connecticut

4

choice-of-law principles, the place of the injury is where the injury is sustained, not where the allegedly wrongful acts occurred); *Uniroyal Chem. Co., Inc. v. Drexel Chem. Co. Inc.*, 931 F. Supp. 132, 140 (D. Conn. 1996) (when an economic tort is alleged, "the injury occurs where the 'economic impact' is felt"—here, Texas).  As Chapman is neither a Connecticut resident nor was injured in Connecticut, he is statutorily barred from asserting CUTPA claims on behalf of a putative nationwide class.  Accordingly, the class allegation asserted in the First Claim for Relief under CUTPA must be stricken from the Amended Complaint with prejudice.

Plaintiff will likely argue that Federal Rule of Civil Procedure 23 supplants CUTPA's class action limitation. That argument is simply wrong. In *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*, 130 S. Ct. 1431 (2010), a splintered Supreme Court held that the plaintiffs in that case could proceed with a class action in federal court despite a New York *procedural rule* that would have prohibited the class claims in state court. *Id*. at 1436 n.1. A four-Justice plurality of the Court concluded that Rule 23 supplanted the more restrictive New York rule.  Justice Stevens, who provided the dispositive fifth vote, reasoned in a concurring opinion that only state rules that are truly procedural in nature yield to Rule 23; those that reflect a substantive policy judgment continue to apply in federal court. Justice Stevens' concurring opinion is controlling.[2]

Under Justice Stevens' analysis, there must be a case-by-case determination that turns on whether the state law at issue "actually is part of a State's framework of substantive rights or remedies." *Id*. at 1449; *see also id.* at 1450 ("When a State chooses to use a traditionally

---

[2] "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977). Numerous courts have found that Justice Steven's concurrence is the controlling opinion of *Shady Grove*. *See, e.g.*, *In re Trilegiant*, 11 F. Supp. 3d at 117; *Fraiser*, 109 F. Supp. 3d at 505**;** *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1217 (10th Cir. 2011); *Godin v. Schenks*, 629 F.3d 79, 85-87 (1st Cir. 2010); *see also Davenport v. Charter Commc'ns, LLC*, 35 F. Supp. 3d 1040, 1051 (E.D. Mo. 2014).

procedural vehicle as a means of defining the scope of substantive rights or remedies, federal courts must recognize and respect that choice."). Even where a state law is "procedural in the ordinary use of the term," Justice Stevens concluded that a conflicting federal rule should not apply if the state law "is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Id*. at 1452. Unlike the New York procedural rule at issue in *Shady Grove*, CUTPA's class-action restriction defines the state-created right and available remedy and therefore applies in both state and federal court.

In the wake of *Shady* Grove, the majority of federal courts have applied state law class action restrictions in federal court where, like CUTPA's class restriction, the restrictions: (1) apply only to claims brought under a particular act (rather than being applicable to all civil actions); (2) are embedded in the same statutory provision as the underlying right they address rather than being located in general procedural sections (as the New York rule was); and (3) appear to reflect substantive policy judgments. *See, e.g., In re Trilegiant Corp., Inc.,* 11 F. Supp. 3d at 118; *Frasier*, 109 F. Supp. 3d 498; *In re Wellbutrin XL Antitrust Litig.*, No. 08-civ-2433, 2010 U.S. Dist. LEXIS 135566, at *19-20 (E.D. Pa. Dec. 22, 2010).[3]

CUTPA's ban on non-resident class actions satisfies each of these three characteristics. First, the restriction applies to CUTPA claims only. Second, it is contained in the CUTPA provision itself. *In re Trilegiant Corp., Inc.,* 11 F. Supp. 3d at 118. Third, CUTPA's legislative

---

[3] *See also, e.g.*, *In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1165 (D. Minn. 2014) (dismissing class action claims under eight state statutes because "[m]ost courts that have evaluated state consumer-protection laws that conflict with Rule 23 have determined that Rule 23 cannot be applied to otherwise prohibited class actions, because the class-action prohibition defines the scope of the state-created right, namely the right to bring a lawsuit for violations of the state's consumer-protection" law); *Leonard v. Abbott Labs., Inc.*, No. 10-cv-4676 (ADS)(WDW), 2012 U.S. Dist. LEXIS 30608, at *26-36 (E.D.N.Y. Mar. 5, 2012) (applying Ohio Consumer Sales Practices Act's limitation on class actions and concluding "that the *Shady Grove* decision does not mandate that Rule 23 invalidates the [Act's] class action restrictions"); *but see, e.g., Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d. 1331, 1335-36 (11th Cir. 2015) (holding that the Alabama Deceptive Trade Practices Act's restriction on class actions was procedural and therefore yielded to Federal Rule of Civil Procedure 23).

history confirms that the provision is the product of the legislature's substantive policy judgment. *Id.* As the *In re Trilegiant* Court detailed, an earlier draft of CUTPA contained no class action restrictions. *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d at 119 (discussing H.B.1965, 1973 Gen. Assemb., Jan. Sess. § 7(b) (Conn. 1973) (LCO No. 6719)). However, the Legislature then heard testimony recommending that "the bill should be limited to activities within the State," and that the bill should not permit nationwide class actions due to the risk of "magnify[ing] virtually every alleged grievance a thousand fold and perhaps a million fold, depending upon how broadly [a plaintiff] construes his own class." 11 F. Supp. 3d at 118-19 (discussing *An Act Concerning Unfair Trade Practices: Hearing on H.B.1965 Before the J. Legis. Comm. On Gen. Law,* 1973 Gen. Assemb., Jan. Sess., at 716–17 (Conn. 1973) (Statement of Nancy Buck, Counsel, Conn. Retail Merch. Ass'n)). Considering the fact that the draft language changed after this testimony, the *In re Trilegiant* Court noted "it is highly relevant to the present inquiry that a former draft of CUTPA did not contain the class action restriction that was ultimately added to the statute after such testimony was given. From this history, it appears that the legislature meant to restrict the amount of potential litigation to which its companies could be subject." *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d at 119.

Permitting nationwide class actions under CUTPA in federal court would undermine the Connecticut legislature's policy judgment about the scope of liability potentially imposed on resident businesses. The remedies, limitations, and elements of state consumer protection statutes are a reflection of a state's decision about how to strike "a particular balance between consumer protection and the promotion of business within its borders." *See Gray v. Bayer Corp.*, No. 08-4716 (JLL), 2011 U.S. Dist. LEXIS 79498, at *17 (D.N.J. July 21, 2011). Moreover, the Connecticut legislature's limitation of CUTPA appears to be a recognition that each state should

be permitted to apply its own consumer protection law to its citizens or those injured within its borders. *See id*. (declining to apply New Jersey Consumer Fraud Act to every member of nationwide class because doing so would impede on other states' interest in determining the liability for consumer fraud that occurs within their borders). Indeed, the Ninth Circuit reversed the certification of a nationwide class of consumers under California's consumer protection laws because it determined that doing so violated choice of law principles. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 590-93 (9th Cir. 2012). The Ninth Circuit explained that applying California's consumer protection laws to transactions occurring in other states would impair each state's decision "in setting the appropriate level of liability for companies conducting business within its territory." *Id.* at 592. CUTPA's class action limitation reflects Connecticut's substantive decision to provide a sufficient deterrent against wrongful conduct within its borders—allowing residents and individuals injured in Connecticut to bring a class action under CUTPA—while respecting the interests of its sister states in regulating business conduct within their borders or affecting their residents.[4]

CUTPA's class action restriction is deeply intertwined with CUTPA's substantive rights and remedies. Therefore, it applies equally in federal court. Accordingly, Plaintiff's CUTPA class allegations must be stricken from the Complaint.

---

[4] To the extent Plaintiff argues that this analysis is somehow altered by the choice of law clause contained in the priceline.com Terms and Conditions, such an argument would be incorrect. First, the choice of law clause at issue is narrowly drafted and applies only to the interpretation of the agreement itself. *See* Ex. A2 to Decl. of S. Janush, filed as an exhibit to Defendant's Mem. in Support of Mot. to Dismiss ("[T]he internal laws of the State of Connecticut shall govern the performance of ***this Agreement***...")(emphasis added). Connecticut courts uniformly have held that choice of law clauses with similarly narrow language "govern only claims and defenses that sound in contract." *Motiva Enters. LLC v. W.F. Shuck Petroleum*, 3:10-CV-793 (JCH), 2012 U.S. Dist. LEXIS 30773, at *21-22 (D. Conn. Feb. 22, 2012) (citing cases). Accordingly, traditional choice of law principles will determine the state law applicable to the statutory and tort claims asserted in the Amended Complaint. Second, regardless of what law governs Plaintiff's individual claims, a contractual choice of law clause cannot alter the statutory text of CUTPA, which forbids class actions by individuals who are not residents of Connecticut or injured in the State.

### C.     <u>**Plaintiff Cannot Represent a Connecticut-Only Class.**</u>

Plaintiff may argue that he should be allowed to amend his CUTPA claim to assert a class claim on behalf of Connecticut residents only. Any such request is futile and must be denied. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

In *Metropolitan Enterprise Corp. v. United Technologies International Corp.*, Judge Arterton analyzed CUTPA's plain language and concluded that a non-resident "may not bring a class action because such plaintiff could not be representative of class members with the statutorily required in-state residency or injury characteristics." No. 3:03-cv-1685 (JBA), 2004 U.S. Dist. LEXIS 12274, at *13-14 (D. Conn. June 28, 2004); *see also King's Choice Neckwear, Inc. v. Pitney Bowes, Inc.*, No. 09-Civ. 3980, 2009 U.S. Dist. LEXIS 119934, at *7-8 n.4 (S.D.N.Y. Dec. 23, 2009) ("[A] plaintiff who is not a resident of Connecticut and not injured in Connecticut cannot bring a class action, because it cannot be 'similarly situated' to other class members who are residents of Connecticut or were injured in Connecticut."), *aff'd*, 396 Fed. Appx. 736 (2d Cir. 2010); *Frasier*, 109 F. Supp. 3d 498 ("As Fraiser is unable to assert a CUTPA claim on behalf of the putative class, this Court strikes the CUTPA class allegations from Fraiser's complaint."). Because Chapman is not a Connecticut resident and was not injured in Connecticut, he cannot represent a class composed of such plaintiffs. *See, e.g., Ruggles v. Wellpoint, Inc.*, 272 F.R.D. 320, 333 (N.D.N.Y 2011) (collecting authority for the basic proposition that a plaintiff cannot represent a class of which he is not a member).

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's nationwide CUTPA class claims must be stricken because CUTPA prohibits non-residents who were not injured in Connecticut from bringing class action claims under that statute.

Respectfully submitted,

THE PRICELINE GROUP, INC.

 /s/ Kim E. Rinehart
Kim E. Rinehart (ct24427)
John M. Doroghazi (ct28033)
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut 06508-1832
Tel: 203-498-4400
Fax: 203-782-2889
E-mail: krinehart@wiggin.com
        Jdoroghazi@wiggin.com
*Attorneys for the Defendant*

## **CERTIFICATION OF SERVICE**

      I hereby certify that on February 8, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ Kim E. Rinehart  
      Kim E. Rinehart